**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| Who Dat?, Inc., | * | Civil Action No. 12-cv-02189 |
| *Plaintiff* | * | |
| | * | Judge Susie Morgan |
| | * | Section "E" |
| v. | * | |
| | * | Mag. Judge Karen Wells Roby |
| Rouse's Enterprises, L.L.C. | * | Magistrate Division "4" |
| *Defendant* | * | |
| | * | |
| | * | |

<u>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant Rouse's Enterprises, L.L.C. ("Rouses"), who answers the Complaint for Trademark Infringement of Who Dat?, Inc. ("Plaintiff" or "WDI") as follows:

1.     Rouses admits WDI is a Louisiana corporation with a domiciliary address at 650 Poydras Street, New Orleans, Louisiana.  Rouses denies the remaining allegations of Paragraph 1.

2.     Rouses admits that it is a Louisiana limited liability company having a place of business at 1301 St. Mary Street, Thibodaux, Louisiana.  Rouses denies the remaining allegations of Paragraph 2.

3.      The allegations of Paragraph 3 call for a legal conclusion and do not require an answer; however, to the extent that an answer is required, said allegations are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      The allegations of Paragraph 4 call for a legal conclusion and do not require an answer; however, to the extent that an answer is required, said allegations are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.      Rouses denies the allegations of Paragraph 5.

6.      Rouses denies the allegations of Paragraph 6.

7.      Rouses denies the allegations of Paragraph 7.

8.      Rouses denies the allegations of Paragraph 8.

9.      To the extent WDI's prayer for relief requires a response, the allegations in such prayer for relief are denied, and Rouses denies that WDI is entitled to any of the relief requested in Paragraphs 9 through 14.


## AFFIRMATIVE DEFENSES


Rouses asserts the following affirmative defenses to the allegations contained in WDI's Complaint for Trademark Infringement.

### First Affirmative Defense

10.     The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

11.     WDI lacks standing to sue.

Third Affirmative Defense

12.     WDI is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, WDI has unclean hands.

Fourth Affirmative Defense

13.     WDI's claims are barred because WDI does not hold any valid or enforceable rights to the phrase "Who Dat" or similar phrases for any of the relevant goods and/or services, and WDI failed to plausibly allege any such rights.

Fifth Affirmative Defense

14.     WDI's claims are barred by the doctrine of laches, acquiescence and/or estoppel, arising out of WDI's knowledge of open and notorious use of the phrase "Who Dat" or similar phrases on many goods and/or services by many parties long before filing suit, coupled with WDI's failure to take any action for many years to protect any of its purported rights.

Sixth Affirmative Defense

15.     WDI's claims are barred by the doctrines of fair use, ornamental use, and other non-trademark uses.

Seventh Affirmative Defense

16.     WDI is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, WDI failed to police usage of the phrase "Who Dat" or similar phrases by others, and, consequently, the phrase, if it ever had any significance as a trademark (which Rouses denies), lost any significance as a trademark that it may once had.

Eighth Affirmative Defense

17.     WDI's claims are barred by the doctrine of abandonment.

<u>Ninth Affirmative Defense</u>

18.     WDI's claims are barred due to the fact that WDI's purported "WHO DAT? Marks" (as that term is used in Paragraph 1 of the complaint) are invalid and unenforceable.

<u>Tenth Affirmative Defense</u>

19.     WDI cannot demonstrate that its purported rights in the phrase "Who Dat" or similar phrases have been damaged or harmed by Rouses, and WDI fails to plausibly allege any such damage or harm.

<u>Eleventh Affirmative Defense</u>

20.     WDI suffered no compensable injury or damage proximately caused by Rouses.

<u>Twelfth Affirmative Defense</u>

21.     Rouses pleads all of its rights, remedies, and defenses under the Lanham Act, 15 U.S.C. § 1051 et. seq.  and Louisiana Revised Statute 51:211 et. seq.

<u>COUNTERCLAIMS</u>

**NOW INTO COURT,** through undersigned counsel, comes Rouses, as Counter-Plaintiff, who counterclaims as follows:

<u>The Parties</u>

22.     Rouses, a Louisiana limited liability company, 1301 St. Mary Street, Thibodaux, Louisiana, Defendant in the main action, is Counter-Plaintiff herein.

23.     WDI, a Louisiana corporation, 650 Poydras Street, New Orleans, Louisiana, Plaintiff in the main action, is made Counter-Defendant herein.

<u>Jurisdiction and Venue</u>

24.     This is an action arising out of federal trademark and unfair competition law (15 U.S.C. § 1051 et. seq.) and Louisiana law.

25.     Subject to Rouses' affirmative defenses and denials, this Court has subject matter jurisdiction over Rouses' counterclaims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over claims arising from state law under 28 U.S.C. § 1367(a).

<u>COUNT I: Declaration of Invalidity and Unenforceability</u>

26.     Rouses seeks a declaration that WDI's purported rights in and to WDI's asserted "WHO DAT? Marks" (as that term is used in Paragraph 1 of the complaint) are invalid and unenforceable.

<u>COUNT II: Declaration of No Common Law Trademark Rights</u>

27.     Rouses further seeks a declaration that WDI does not have common law trademark rights in the phrase "Who Dat" or similar phrases that affect Rouses.

<u>COUNT III: Declaration of Non-Infringement</u>

28.     Rouses further seeks a declaration that even if WDI does possess any valid, enforceable rights to its "WHO DAT? Marks" (as that term is used in Paragraph 1 of the complaint), which rights Rouses denies, nothing Rouses has done infringes any of WDI's state or federal trademark rights, if any there be.

<u>Prayer For Relief</u>

Rouses respectfully requests that the Court enter judgment on all counterclaims in its favor and grant the following relief:

29.     Dismissal of WDI's claims in their entirety with prejudice;

30.     Entry of a judgment in Rouses' favor and against WDI for a declaration that WDI's asserted "WHO DAT? Marks" (as that term is used in Paragraph 1 of the complaint) are invalid and unenforceable;

31.     Entry of a judgment in Rouses' favor and against WDI for a declaration that WDI lacks common law trademark rights to "Who Dat" or similar phrases for relevant goods and/or services; and

32.     Entry of a judgment in Rouses' favor and against WDI for a declaration that even if WDI does possess any valid, enforceable rights to its "WHO DAT? Marks" (as that term is used in Paragraph 1 of the complaint), which rights Rouses denies, nothing Rouses has done infringes any of WDI's state or federal trademark rights, if any there be.

Rouses reserves the right to supplement or amend this Answer and its Counterclaims, if necessary, after further investigation and as more information becomes known.

<u>JURY DEMAND</u>

Rouses demands a trial by jury under Federal Rule of Procedure 38 on all issues so triable.

Respectfully submitted,

/s/ Theodore S. Owers III
**RAYMOND G. AREAUX (#16792) T. A.**
**THEODORE S. OWERS III (#27028)**
**J. MATTHEW MILLER III (#32594)**
**EMILY L. GORDY (#33858)**
*Carver, Darden, Koretzky, Tessier,*
  *Finn, Blossman & Areaux, LLC*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana  70163
Telephone:     (504) 585-3803
Facsimile:     (504) 585-3801
E-mail:          areaux@carverdarden.com
*Attorneys for Defendant, Rouse's*
*Enterprises, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 2, 2012, I electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court by using the Court's CM/ECF system, which will send a Notice of Electronic Filing to the following:  Gregory D. Latham, counsel for Plaintiff, Who Dat?, Inc.

                               /s/ Theodore S. Owers III

                               Theodore S. Owers III

4841-7837-2113, v.  5