## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WHO DAT, INC.,**                                            **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                   **No. 12-2189**

**ROUSE'S ENTERPRISES, LLC,**                                **SECTION "E"**
    **Defendant**

### ORDER AND REASONS

Before the Court is plaintiff Who Dat, Inc.'s ("WDI") motion to dismiss[1] defendant Rouse's Enterprises, LLC's ("Rouse's") counterclaims[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). WDI also seeks to have certain of the affirmative defenses asserted by Rouse's stricken pursuant to Rule 12(f). Alternatively, WDI seeks a more definite statement of the counterclaims and affirmative defenses pursuant to Rule 12(e). Rouse's opposes WDI's motion.[3] For the reasons set forth below, WDI's motion to dismiss is denied and WDI's motion to strike is denied. WDI's motion for a more definite statement is granted in part and denied in part.

### BACKGROUND

**I.      Background and Relevant Procedural History**

This intellectual property dispute arises out of a claim by WDI that Rouse's has willfully infringed WDI's trademarks of the phrase "Who Dat?" and related phrases (the

---

[1] R. Doc. 10.

[2] R. Doc. 6.

[3] R. Doc.

"marks") by selling products in Rouse's supermarkets with the marks.[4] WDI claims to be the senior user of the marks, and contends Rouse's sale of infringing products containing the marks will confuse customers into thinking the Rouse's products are "somehow affiliated with, approved or sponsored by WDI."[5] According to WDI, it has repeatedly requested that Rouse's stop selling products with the infringing marks, but Rouse's refuses to do so.[6] On August 31, 2012, WDI filed this trademark infringement action.[7]

On November 2, 2012, Rouse's filed an answer to WDI's complaint, along with affirmative defenses and counterclaims.[8] WDI now seeks to have certain of the affirmative defenses stricken and all of the counterclaims dismissed. Specifically, WDI seeks to have two of the twelve affirmative defenses stricken: the affirmative defense that WDI's claims are barred because "WDI does not hold an valid or enforceable rights to the phrase 'Who Dat' or similar phrases,"[9] and the affirmative defense that WDI's claims are barred because WDI's marks are "invalid and unenforceable."[10] WDI also seeks to have the following counterclaims dismissed: (1) the counterclaim for a declaration that WDI's "purported rights in and to" the marks are invalid and unenforceable;[11] (2) the counterclaim for a

---

[4] R. Doc. 1 (Complaint).

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] R. Doc. 6.

[9] *Id*. at ¶ 13 (The fourth affirmative defense asserted by Rouse's).

[10] *Id*. at ¶ 18 (The ninth affirmative defense asserted by Rouse's).

[11] *Id*. at ¶ 26 (The first counterclaim by Rouse's).

declaration that WDI does not have common law trademark rights in the phrases "Who Dat";[12] and (3) the counterclaim for a declaration that, even if WDI does possess a valid, enforceable right to the marks, Rouse's has not infringed those marks or WDI's right to those marks.[13]

## II.     The Parties' Arguments

### A.     WDI's Motion to Dismiss

WDI's argument with respect to the affirmative defenses and the counterclaims is the same; that is, that they are redundant of the complaint and answer and thus "serve no useful purpose."[14]   WDI argues that, because Rouse's has denied that WDI has valid, protectable marks, has denied that WDI is the senior use of the marks, and has claimed that the use of the phrase "Who Dat" by Rouse's does not infringe any trademark WDI may have, Rouse's counterclaims are unnecessary and redundant.   WDI argues that, if the Court determines that WDI has failed to carry its burden of proof on any of its claims, that finding will render the declaratory judgment counterclaims moot because WDI's claims and the counterclaims by Rouse's raise identical legal and factual issues.   Likewise, WDI seeks to have the two affirmative defenses described above stricken because they are redundant of WDI's complaint and the Rouse's answer to that complaint.   Finally, WDI argues that, if the counterclaims and/or affirmative defenses are allowed to stand, Rouse's must provide a more definite statement of those counterclaims and affirmative defenses.

---

[12] *Id*. at ¶ 27 (The second counterclaim by Rouse's).

[13] *Id*. at ¶ 28 (The third counterclaim by Rouse's).

[14] R. Doc. 10.

### B.    Opposition

In response, Rouse's argues that its counterclaims and affirmative defenses are not redundant of the complaint or answer, but instead seek distinct relief involving a different legal standard than WDI's claims.[15] Specifically, Rouse's contends that the defenses and counterclaims request the Court affirmatively find in favor of Rouse's on certain issues, as opposed to the Rouse's general answer to the claims asserted by WDI, which is that WDI will not be able to carry its burden of proof.  Rouse's argues that there is a "qualitative difference between . . . Rouses [sic] merely rebuffing WDI's claims of infringement and . . . Rouse's receiving an affirmative declaration that WDI lacks trademark rights in its alleged marks."[16]

### ANALYSIS

### I.    Applicable Law

### A.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief (i.e. for "failure to state a claim").  *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[15] R. Doc. 14.

[16] *Id.*

662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the non-moving party, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

### B.   Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  An affirmative defense is "subject to the same pleading requirement as is the complaint," and a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[17] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks and citation omitted).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819,822 (6th Cir.1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).  "[E]ven when technically appropriate and well-founded," motions to

---

[17] Federal Rule of Civil Procedure 8 provides requirements that all pleadings must satisfy, and subsections (b) and (c) of the Rule govern the pleading requirements for defenses and affirmative defenses, respectively.  Under Rule 8(b) and (c), a defendant must "state in short and plain terms its defenses to each claim asserted against it" and must "affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(b)(1)(A) and (c)(1).

strike are not be granted "in the absence of a showing of prejudice to the moving party." *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. *Tarver v. Foret*, No. 95-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996) (Carr, J.).

### C.    Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides that, if a pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response," the opposing party may move for a more definite statement of that pleading. FED. R. CIV. P. 12(e). A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion. *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

### D.    The Declaratory Judgment Act

The Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to

considerations of practicality and wise judicial administration." *Id.* at 289.[18]

The United States Court of Appeals for the Fifth Circuit has established guidelines for a district court to follow when considering whether to consider or dismiss a declaratory judgment action:

> When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. . . Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented . . . . Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.[19]

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

## II.   WDI's Rule 12(b)(6) Attack on the Counterclaims

The counterclaims by Rouse's are not redundant of its answers to WDI's claims or a "mirror image" of WDI's complaint.  Instead, and as noted by Rouse's in opposition to the motion to dismiss, the counterclaims seek affirmative relief that is "qualitatively different" from a finding that WDI has not met its burden of proving its claims.  As explained by the United States Supreme Court, "[a] party seeking a declaratory judgment of invalidity

---

[18] In *Wilton*, the United States Supreme Court resolved a circuit split, holding that the district court's decision to decide or dismiss a declaratory judgment action is discretionary.  515 U.S. at 289-90; compare *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) with *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976).  The *Wilton* case held that the *Brillhart* standard, giving the district court more discretion to determine whether to hear a declaratory judgment action, applies in cases such as the one currently before the Court.

[19] WDI does not contend that the declaratory counterclaims are non-justiciable, nor does it contend the Court lacks authority to grant the declaratory judgments sought by Rouse's.  As such, the Court will focus on the third step in the *Orix* inquiry - how the Court should exercise its discretion to hear or to dismiss the declaratory judgment counterclaims.

presents a claim independent of the patentee's charge of infringement." *Cardinal Chem.*
*Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 92 (1993); *see also Altvater v. Freeman*, 319 U.S. 359,
364 (1943). Likewise, "a counterclaim questioning . . . enforceability of a patent raises
issues beyond the initial claim for infringement that are not disposed of by a decision of
non-infringement." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348 (Fed. Cir.
2005). A declaratory judgment counterclaim in the trademark context is also a claim
independent of the trademark user's charge of infringement. *See Dominion Electrical Mfg.*
*Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 173-74 (6th Cir. 1942)**;** *see also Starter Corp.*
*v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996) ("Declaratory judgment actions involving
trademarks are analogous to those involving patents . . . and principles applicable to
declaratory judgment actions involving patents are generally applicable with respect to
trademarks.") (internal citations omitted), *abrogated on other grounds by MedImmune,*
*Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

The *Dominion* court explained the unique role declaratory judgment claims play in
intellectual property litigation:

> [M]ere dismissal of a plaintiff's bill does not always adjudicate
> every aspect of the controversy or give the defendant all the
> relief to which he may be entitled. To illustrate: It frequently
> happens that the court, in a patent or trademark infringement
> suit, finding the defendant innocent of infringement, deems it
> unnecessary to determine issues of title, validity, or the scope
> of the patent claims. One defendant exonerated of infringement
> may be content with such adjudication- another may not. . . .
> [M]ere exoneration from infringement does not always meet
> the necessities of a wrongfully accused defendant. He wishes
> to be freed from the restrictions of an invalid patent or
> trademark, and he represents not only himself, but, in a sense,
> also the public which is likewise excluded from the field of
> monopoly.

*Dominion*, 126 F.2d at 174-75.  The *Dominion* court goes on to state that "[t]he Declaratory Judgment Act furnishes [the plaintiff] with the means of escape. We see no reason why it should not be available to him as a counterclaim when circumstances would have permitted a separate suit."  *Id.* at 175.  This Court finds the Sixth Circuit's reasoning in *Dominion* persuasive and applicable to WDI's motion to dismiss.  Because the declaratory judgment counterclaims seek more than just a finding that WDI has failed to carry its burden of proof, those counterclaims will not be rendered moot even if WDI fails to carry that burden.  Instead, the counterclaims involve a distinct set factual and legal issues. It would be inappropriate for the Court to dismiss those counterclaims at this stage in the proceedings without giving Rouse's an opportunity to prosecute those counterclaims.

Finally, the Court notes that while some courts, including those in the cases cited by WDI in its motion to dismiss,[20] have exercised their discretion to dismiss declaratory judgment complaints because they are "mirror images" of the claims in the complaint, none of those courts involve patent or trademark litigation**.**[21]  As explained above, intellectual

---

[20] *See, e.g. Mille Lacs Band of Chippewa Indians v. Minn.*, 152 F.R.D. 580 (D. Minn. 1993); *Waller v. DB3 Holdings, Inc.*, No. 07-491, 2008 WL 373155 (N.D. Tex. Feb. 12, 2008); *Kougl v. Xspedius Management Co. of Dallas/Fort Worth, L.L.C.*, No. 04CV2518-D, 2005 WL 1421446 (N.D. Tex. 2005); *Resolution Trust Corp. v. Ryan*, 801 F. Supp. 1545 (S.D. Miss. 1992).

[21] While this Court's research has not revealed an intellectual property case from the Fifth Circuit in which a declaratory judgment counterclaim was at issue, other courts consistently hold that declaratory judgment counterclaims for invalidity, non-infringement, etc. are sufficiently independent of claims for infringement so as to avoid dismissal under Rules 12(b)(6) and a strike under 12(f).  *See, e.g. Innovation Ventures, LLC v. N2G Dist., Inc.*, 779 F. Supp. 2d 671, 682-83 (E.D. Mich. 2011) (citing *Dominion* and refusing to dismiss declaratory judgment counterclaims); *Baroness Small Estates, Inc. v. BJ's Rests., Inc.*, No. SACV 11-468-JST, 2011 WL 3438873, at *2, 4-5 (C.D. Cal. Aug. 5, 2011) (Stanton Tucker, J.) (citing *Cardinal Chemical* and refusing to dismiss declaratory judgment counterclaim and refusing to strike counterclaims and affirmative defenses); *Castaline v. Aaron Mueller Arts*, No. C 09-2543 CRB, 2010 WL 583944, at *2 (N.D. Cal. Feb. 16, 2010) (Breyer, J.) (citing *Cardinal Chemical* and *Dominion* and refusing to strike or dismiss declaratory judgment counterclaims); *cf. Stickrath v. Globalstar, Inc.*, No. C07-1941 THE, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (Henderson, J.) (striking unfair competition defendant's counterclaims as redundant, but noting that, in accordance with *Cardinal Chemical* and *Dominion*, patent and trademark infringement cases present a situation in which a declaratory judgment

property cases present a unique opportunity for a defendant to seek affirmative relief in the form of declaratory judgment counterclaims, and, because the cases cited by WDI do not involve this type of litigation, they hold little persuasive value. For these reasons, the Court, in its discretion, declines to dismiss the counterclaims. WDI's motion to dismiss is denied.

### III.   WDI's Rule 12(f) and Rule 12(e) Attack on the Affirmative Defenses and Counterclaims

Just as the declaratory judgment counterclaims present a justiciable controversy distinct from the Court's resolution of WDI's trademark infringement claims, the affirmative defenses asserted by Rouse's are not redundant of its answers to those claims. Instead, the affirmative defenses present distinct legal reasons why WDI's claim may not succeed on the merits, which Rouse's should be afforded the opportunity to present in this case. As a result, the Court will not employ the drastic remedy of striking these affirmative defenses, especially not at this early stage in litigation and in the absence of any showing of prejudice on the part of WDI. The Court, in its discretion, declines to strike these two affirmative defenses. WDI's motion to strike is denied. Furthermore, the affirmative defenses meet the requirements of Rule 12(e). Affirmative defenses are subject to the pleading standard contained in Rules 8(b) and 8(c), which require a pleader to provide, at a minimum, enough "specificity or factual particularity" to give the plaintiff "fair notice" of the defense. *See Woodfield*, 193 F. 3d at 362. This requirement is met for both affirmative

---

counterclaim should be allowed to stand, because "a court may find a defendant has no liability for infringement without adjudicating the validity of the underlying intellectual property. . . . [and thus a] defendant in a patent case has something to gain from a counterclaim declaration of invalidity -it can go on to develop its products without fear of infringing the invalid patent. . . . Accordingly, courts should decline to dismiss counterclaims that seek a declaration that the patent or trademark is invalid.") (internal quotation marks and citations omitted).

defenses at issue.  WDI's motion for a more definite statement is denied with respect to the fourth and ninth affirmative defenses asserted by Rouse's.

Counterclaims, however, are subject to the pleading standard contained in Rule 8(a)(2), which requires a pleader to provide a "short and plain statement" of its claim.  *See Lee v. Morial*, 37 F. App'x 88, at \*4 n.10 (5th Cir. 2001) (unpublished) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)).  Rouse's has provided no factual support for its counterclaims.  The Court, in its discretion, finds that a more definite statement of the counterclaims is appropriate in this case.  To comply with Rule 8, Rouse's must amend its counterclaims. WDI's motion for a more definite statement is granted with respect to the Rouse's counterclaims.

### CONCLUSION

Accordingly, **IT IS ORDERED** that WDI's motion to dismiss the counterclaims by Rouse's be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that WDI's motion to strike the fourth and ninth affirmative defenses asserted by Rouse's be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that WDI's motion for a more definite statement be and hereby is **GRANTED**, with respect to the counterclaims by Rouse's, and **DENIED**, with respect to the affirmative defenses asserted by Rouse's.

**IT IS FURTHER ORDERED** that Rouse's shall file a motion for leave to amend its counterclaims no later than **fourteen (14) days** after the entry of this Order.

**New Orleans, Louisiana, this  31st  day of January, 2013.**

_____
        **SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

11