UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT? INC.                                          CIVIL ACTION

VERSUS                                                NO: 12-2189

ROUSE'S ENTERPRISES, LLC                              SECTION: "E" (4)

## ORDER

Before the Court is a **Motion for Leave to File First Amended and Supplemental Complaint (R. Doc. 32)**, filed by Plaintiff, Who Dat?, Inc., ("WDI"), seeking an order from this Court granting it leave to file its first amended complaint.  The motion was noticed for submission on May 29, 2013.  (R. Doc. 32-3, p. 1).  No opposition to the motion was filed into the record by May 21, 2013, and WDI does not state that Defendant, Rouse's Enterprises, LLC, ("Rouse's") consents to the entry of this particular amended Complaint.[1]  *See* Local Rule 7.3.  Therefore, the motion was heard on the briefs without opposition on May 29, 2013.

## I.    Background

The Complaint in this case, filed on August 31, 2012, indicates that WDI has sued Rouse's for "Trademark Infringement Under Federal and State Law." (R. Doc. 1, p. 2).  In its current Complaint, which is approximately two pages in length, WDI alleges that it is the senior user of certain "WHO DAT? Marks." *Id.*  It alleges that Rouse's has willingly infringed upon in violation

---

[1]Under this Rule, "A motion for an order, allowed by these rules to be filed ex parte or by consent, need not assign a date for submission."  L.R. 7.3.

of federal law by selling, offering for sale, marketing, and advertising products which use the designations "Who Dat," "Who Dat!," and "Who Dat?"  *Id.*  WDI alleges that although Rouse's has been contacted about the infringement, it has denied repeated requests to cease its infringing activities.  *Id.*  As a result, WDI argues that it has suffered damages.  *Id.*

On December 19, 2012, the presiding U.S. District Judge issued an order which stated that amendments to pleadings "shall be filed no later than January 14, 2013."  (R. Doc. 11, p. 1). Subsequently, on April 1, 2013, the presiding U.S. District Judge granted an extension of the pleading deadline, stating that "amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than April 26, 2013."  On April 26, 2013, WDI filed the instant motion for leave to amend.  The motion is unopposed.

## II.    Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires."  Rule 15(a)(2).  This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so.  *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). "This policy is certainly strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Insurance Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 50 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion for leave

to amend lies within the sound discretion of the trial court.  *Id.*  As outlined by the Supreme Court, courts in this Circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Absent any of these factors, leave to amend a complaint should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Forman*, 371 U.S. at 182).

## III.   Analysis

In support of its motion, WDI argues that it filed this amended complaint within the Court's revised pleading deadline of April 26, 2012.  (R. Doc. 32-1, p. 1).  WDI proposed amended complaint contains seven counts: (1) Federal Trademark Infringement, 15 U.S.C. § 1114(1); (2) Federal Trademark Counterfeiting (Registered Marks), 15 U.S.C. § 1114; (3) Federal Trademark Dilution, 15 U.S.C. § 1125(c); (4) Federal Unfair Competition, 15 U.S.C. § 1125(a); (5) Louisiana State Trademark Infringement, La Rev. Stat. Ann. § 51:222; (6) Louisiana State Trademark Dilution, La. Rev. Stat. Ann. § 51:223.1; and (7) Louisiana Unfair Trade Practices Act, La. Rev. Stat. Ann. § 51:1409.  (R. Doc. 32-2-, pp. 5-11).[2]  WDI argues that each of these claims "generally rely on the same factual allegations present in WDI's original complaint."  (R. Doc. 32-1, p. 2).  Indeed, WDI contends that "the parties have been anticipating . . . the amended pleading."  *Id.* at 2-3.  Thus, WDI

---

[2]WDI's Motion states that he asserts "six new causes of action," and lists "federal trademark counterfeiting, federal trademark dilution, federal unfair competition, state trademark infringement, state trademark dilution and violation of the Louisiana Unfair Trade Practices Act."  (R. Doc. 32-1, pp. 1-2).  However, WDI had originally brought causes of action on two claims, i.e., "Trademark Infringement Under Federal *and* State Law."  (R. Doc. 1, p. 2) (emphasis added).  The Court construes WDI's characterization of his claim for Louisiana state trademark infringement as a "new" claim to be a harmless oversight.

argues that its amendment will not substantially change the nature of the litigation.  *Id.* at 3.

### A.     Undue Delay, Bad Faith, Repeated Failure to Cure, and Undue Prejudice

The Court notes that in contrast to WDI's bare-bones, two-page original complaint, the instant amendment is eleven pages long.  While WDI's original complaint contains virtually no factual detail at all, the amendment contains numerous factual elaborations, such as "WDI's products are in great demand," and "WDI's WHO DAT? Marks have become distinctive, famous, and widely recognized."  (R. Doc. 32-2-, pp. 3-4).  The motion was filed within the applicable deadline; therefore, for purposes of the Court's Rule 15(a) analysis, there has been no "undue delay." Similarly, the Court finds no indication that WDI's delay has been the result of bad faith, or that undue prejudice would result from allowing the amendment.

### B.     Futility

Finally, a court may deny a motion for leave to amend where "the *proposed amendment* would be futile because *it* could not survive a motion to dismiss."  *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (emphasis added).  Where viability of a claim is at least facially possible, futility does not provide grounds for granting an amendment. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353-54 & n.6 (5th Cir. 2011).

#### 1.     Federal Claims

Here, WDI's original complaint was premised upon the "Federal Trademark Act" for "Trademark Infringement," without any further specification.  *See* (R. Doc. 1, p. 2).  To the degree that WDI's proposed amendment seeks to add facts to his existing claim for Federal Trademark Infringement, 15 U.S.C. § 1114(1), these facts do not render the underlying claim futile.

As to WDI's new federal claims, 15 U.S.C. § 1114 provides a cause of action for holders of

a "registered mark" against persons who "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale . . . of any goods or services." *Id.* WDI's proposed amended complaint alleges that WDI owns several valued U.S. Trademarks. (R. Doc. 32-2). Thus, WDI's new claim under § 1114 is not futile.

Similarly, WDI's claims for trademark dilution and unfair competition are not futile. As to dilution, it is unlawful for "[a]ny person who, or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1). As to unfair competition, "[s]ubject to the principles of equity, the owner of a famous mark that is distinctive . . . shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark." *Id.* at § 1125(c)(1). Here, a mark is deemed "famous if it is widely recognized by the general consuming public of the United States as a designation of source of goods or services of the mark's owner." *Id.* at § 1125(c)(2)(A). Here, WDI's proposed amended complaint alleges not only that its marks are "famous," but further that Rouse has used them in a manner that is likely to cause confusion.

### 2.    Louisiana State Claims

Here, WDI's original complaint was premised upon "Trademark Infringement," without any further specification. *See* (R. Doc. 1, p. 2). To the degree that WDI's proposed amendment seeks to add facts to his existing claim for Louisiana State Trademark Infringement, La Rev. Stat. Ann. § 51:222, these facts do not render the underlying claim futile.

Nor are WDI's new Louisiana state claims futile.  Under Title 51 of the Louisiana Revised Statutes, a "registrant" is "the person to whom the . . . trademark under this Sub-part is issued, his legal representatives, successors or assigns."  La. Rev. Stat. Ann. Art. § 51:211.G.  Moreover, "a trademark shall be deemed 'used' in this state (1) on goods when it is placed in any manner on the goods or their containers or the displays associated therewith or on tags or labels affixed thereto and such goods are sold or otherwise distributed in the state."  *Id.* at § 51:211.H.  Here, "dilution under § 51:223.1 pertains to the "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark . . . shall be a ground for injunctive relief in cases of infringement of a mark registered . . ."  *Id.*  Because WDI's new allegations indicate that it has introduced its WHO DAT? Marks into the Louisiana commercial marketplace, this new state law claim is not futile.  *See* (R. Doc. 32-2, pp. 3-4).

Further, the Louisiana Unfair Trade Practices Law states that "[a]ny person who suffers any ascertainable loss of money . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice . . . may bring an action individually . . . to recover actual damages." La Rev. Stat. Ann. § 51:1409.  "What constitutes deceptive practices prohibited by the statute is determined on a case-by-case basis."  *Able Security and Patrol, LLC v. Louisiana*, 569 F. Supp. 2d 617, 633 (E.D. La. 2008).  Here, WDI has alleged that Rouse's sold products bearing designations such as "Who Dat," "Who Dat!," and "Who Dat?"  Under the statute and the facts alleged, WDI's proposed amendments could, at the very least, constitute "deceptive practices" under the prevailing circumstantial analysis.  Thus, WDI's proposed new state law claim is not futile.

Having considered each of the factors required under Rule 15, the Motion is granted.

**IV.**     <u>**Conclusion**</u>

**IT IS ORDERED** that the **Motion for Leave to File First Amended and Supplemental Complaint (R. Doc. 32)** , filed by Plaintiff, Who Dat?, Inc., ("Who Dat") is **GRANTED**.

New Orleans, Louisiana, this 17th day of June 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

7